# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:19-cv-01561-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On August 21, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for supplemental security income pursuant to Title XVI of the Social Security Act.  This matter is fully briefed and ready for decision.  For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

///

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**PROCEDURAL HISTORY**

On March 21, 2017, Petitioner protectively filed an application for supplemental security income, alleging disability beginning on March 1, 2005. (Administrative Record [AR] 16, 89, 109, 178-86.) Plaintiff alleged disability because of "bipolar; anxiety; depression; PTSD; arthritis; heart issue; manic; [and] sleep apnea." (AR 91 (capital letters omitted).) After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 126-28.) During a hearing held on March 15, 2019, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 34-69.)

In a decision issued on April 3, 2019, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 15-28.) Plaintiff had not engaged in substantial gainful activity since his application date of March 21, 2017. (AR 17.) He had severe impairments consisting of "bipolar affective disorder, type II; post-traumatic stress disorder; generalized anxiety disorder; pain disorder with medical and psychological factors; obsessive-compulsive disorder; thyroid nodule; lumbago; psoriasis; cerebrovascular accident; agoraphobia with panic disorder; episodic cluster headaches; psoriatic arthritis; Wolff-Parkinson-White syndrome status post-ablation; mild cognitive impairment; obstructive sleep apnea; cardiac arrhythmia; and chronic pain syndrome." (*Id.*) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 18.) He had a residual functional capacity for light work including, in pertinent part, an ability to "understand, remember, and carry out simple, routine tasks; occasionally interact with the general public; and occasionally engage in work-related, non-personal, non-social interaction with coworkers and supervisors." (AR 19.) He was unable to perform his past relevant work as a cashier II. (AR 27.) However, he could perform other

work in the national economy, in the occupations of housekeeping cleaner, assembler, and marker. (AR 28.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

On June 27, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUE

The parties raise the following disputed issue: whether the ALJ properly considered the opinion of Dr. Glassman, an examining physician. (ECF No. 17, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///

///

# DISCUSSION

## I. Examining Physician's Opinion.

### A. Legal Standard.

A claimant's residual functional capacity ("RFC") represents the most he can do despite his limitations. 20 C.F.R. § 416.945(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (1996). An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original). An ALJ will assess a claimant's residual functional capacity "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *7.

In particular, if the record contains a medical opinion from an examining physician, an ALJ may not discount it unless the ALJ provides "clear and convincing" reasons if the opinion is uncontradicted or "specific and legitimate reasons" if the opinion is contradicted. *See, e.g., Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### B. Background.

Dr. Glassman, a psychiatrist, examined Plaintiff in May 2017. (AR 557-62.) The examination consisted of a review of Plaintiff's history, a mental status examination, and a review of records. (AR 557-61.)

///

After the examination, Dr. Glassman described Plaintiff's mental condition in "formal diagnostic terms" as follows: probable bipolar affective disorder, type II; post-traumatic stress disorder; generalized anxiety disorder; pain disorder with medical and psychological factors; obsessive-compulsive disorder; methamphetamine dependence, reportedly in remission; victim of childhood physical abuse; and borderline personality disorder. (AR 561.) Dr. Glassman then stated that Plaintiff had the following limitations:

> From a psychiatric perspective, he has moderate impairment in his capacity to get along adequately with others and to behave in a socially-appropriate manner. He has mild impairment in his capacity to understand and follow even simple instructions. *He has moderate impairment in his capacity* to maintain concentration, persistence, and pace, and *to adapt to changes and stresses in a workplace setting.*

(AR 562) (emphasis added).

The ALJ gave "great weight" to Dr. Glassman's opinion. (AR 24.) The ALJ explained that Dr. Glassman had "performed a detailed interview and mental status examination" and that Dr. Glassman's opinion was "internally consistent" and "consistent with the medical evidence of record." (*Id.*) Plaintiff contends, however, that the ALJ did not in fact give great weight to Dr. Glassman's opinion, which stated that Plaintiff has "moderate impairment in his capacity . . . to adapt to changes and stresses in a workplace setting." (Joint Stip. at 7; AR 562.) The ALJ's RFC assessment did not include any limitation in adapting to changes and stresses in a workplace setting. (AR 19.) Plaintiff contends that the ALJ erred by failing to explain why that limitation described by Dr. Glassman was not included in the RFC assessment. (Joint Stip. at 7.)

///
///
///

### C. Analysis.

An ALJ must account for medical opinions in their entirety. *See Smolen*, 80 F.3d at 1286 (holding that an ALJ erred in discussing physicians' opinions only with regard to four questions, without discussing the physicians' opinions offered in other letters); *see also Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) ("The ALJ must consider *all* factors that might have a significant impact on an individual's ability to work.") (emphasis in original, citation and internal quotation marks omitted).

Dr. Glassman's opinion, though given great weight, was not accounted for in its entirety: his assessment that Plaintiff had a moderate impairment in his capacity to adapt to changes and stresses in a workplace setting was omitted from the RFC assessment without reasons for the omission. *See Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (ALJ erred by placing great weight on an examining physician's assessment without discussing or analyzing the moderate mental limitations assessed by the physician); *Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (same, where one of the moderate limitations was in the claimant's "ability to respond appropriately to work pressures and changes in a usual work setting"); *see also Bakewell v. Commissioner of Social Sec. Admin.*, 360 F. App'x 945, 946 (9th Cir. 2010) ("The ALJ did not credit Dr. Roberts's assessment of limitations on [plaintiff's] use of her hand, nor did the ALJ provide any reasons to reject this assessment."). The omission, without explanation, was erroneous. *See* SSR 96-8P, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The error was not harmless. *Cf. Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (errors in Social Security proceedings do not warrant reversal when they are "inconsequential to the ultimate nondisability determination") (citation omitted). The omission of the limitation was not inconsequential to the ultimate

nondisability determination because that limitation was not incorporated into the ultimate RFC assessment. *Cf. Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ's alleged failure to consider a medical opinion was not reversible error when the ALJ's RFC assessment incorporated that medical opinion). Specifically, the omitted mental limitation of a moderate impairment in Plaintiff's capacity to adapt to changes and stresses in a workplace setting (AR 562) was distinct from the two mental limitations stated in the RFC assessment, which were a limitation to simple, routine tasks and a limitation in contact with others (AR 19). The Commissioner's regulations treat each of these abilities as distinct. *See Bagby v. Commissioner of Social Sec. Admin.*, 606 F. App'x 888, 890 and n.2 (9th Cir. 2015) (agreeing with claimant that a moderate limitation in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting" was not incorporated by an RFC assessment limiting her to simple, repetitive tasks and limiting her contact with others) (citing 20 C.F.R. § 416.921(b) (1991) (describing "basic work activities" to include, separately, "(3) Understanding, carrying out, and remembering simple instructions; . . . (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting.")).

      In sum, the opinion of the examining psychiatrist was not addressed in its entirety, and the error was not rendered harmless by the eventual RFC assessment. Thus, reversal is warranted on this basis.

## II.    Remand for Further Administrative Proceedings.

      Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it

must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Here, all essential factual issues have not been resolved. The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: October 2, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE